PER CURIAM.
This appeal comes from the County Judge’s Court for Broward County and is before this court on a motion to dismiss the appeal primarily because the decree is interlocutory and not final.
Interlocutory appeals are not provided for in probate matters.
The appellants appealed from an order of the county judge’s court, sitting in probate, dated April 25, 1962. This order appears in the appellants’ appendix, volume II, pp. A-260 to A-293, inclusive. A study of this order shows it is largely advisory. The court discusses various orders that had previously been entered in the case, one being that of October 26, 1960, which the court stated was final and conclusive in all of its terms, conditions and provisions as to various parties in the appeal.
Prior to the decretal part of the order of April 25, 1962, the court listed some 28 actions under the heading of “Pleading” which were discussed.
The court then stated in the order: (A-264)
“Because it appeared to the Court that the pleadings of all concerned were repetitious, to some degree, and more importantly, because it appeared that some of the issues sought to be raised for determination at this time (March 7th, 1962), had already been determined and concluded by Orders of the Court made and entered prior to the filing of pleading numbered 1 above, that is, prior to January 29, 1962, it seemed to the Court that prior rulings and Orders of this Court, touching on the same subject matters, should be reviewed and considered in conjunction with the various Petitions, Motions, Answers and other pleadings now pending, to the end that the time of this Court and of Counsel, will not be further taken up in the consideration of matters which *908 have already been decided or over which the Court has no jurisdiction. It is now the intention of the Court to eliminate from further consideration those issues or matters which have heretofore been determined.
“The Court will attempt, by this Order, to prescribe a course or direction which the progress of this case will follow, or take in the future insofar as consideration and determination of the undisposed of issues, as raised by the pleadings enumerated above, are concerned.”
The court further states at page A-285:
“Without burdening this Order with further reference to the pleadings of the contestants subsequent to the last one just mentioned above, it can safely be said that ending the search of the record at this point we have no pleading containing a prayer for a rehearing, re-consideration of or modification of the Court Order of October 26, 1960.
“Neither does the file contain any Notice indicating that a review of this Order has been sought in the District Court of Appeals.
“Therefore, the only conclusion that can be reached by this Court, or anyone ■else, is that the Order of October 26, 1960, in its entirety, and as to all of its provisions is a final Order of this Court.
“The 'Court being fully advised in the premises, it is
“ORDERED AND ADJUDGED:
“(1) That the Motions in Response to Executor’s Petition of November 28, 1958, filed on behalf of respondents Eva A. Hortt, et al, on December 24, 1958, be and the same are hereby construed to have been finally determined and concluded by the Court’s Order of October 26, 1960.
“(2) That the Order of October 26, 1960 is final and conclusive in all of .its terms, conditions and provisions as to Broward National Bank, as Executor, Carl A. Hiaasen, Lenora E. Hortt, Osburn S. Henrie, B. Adams, Ellen Carter, Erma Burgin, Theresa Wade, Letha Jarman, Pearl Adams, Lily Owens, Eva A. Hortt, Eloise Judd, Kara Young, Eva Little, Emma Adams, Lenore Zabel, Beth Murphy and James L. Hortt.
“(3) That although it seems to the Court that the Order of October 26, 1960 is clear as to the meaning of paragraphs numbered (1) (2), nevertheless, for clarification, it is determined that in the aforesaid Order of October 26, 1960, it was expressly adjudicated that under the clear and unambiguous provisions of the Last Will and Testament of M. Allen Hortt, deceased, admitted to probate in this Court, his surviving spouse, Lenora E. Hortt, was given, granted, devised and bequeathed ‘One-half of my adjusted gross estate as defined in Section 2056 of the Internal Revenue Code of 1954’, which was determined and adjudicated by this Court in said Order to mean that the surviving spouse was ‘entitled to the maximum marital deduction as prescribed in Section 2056 of the Internal Revenue Code of 1954’.
“(4) That no ruling or decision appears to have been made as to Part I, (2)-(a) through (e), Part I, sub. (g) and Part IV of the Executor’s Petition; and Counsel for the Executor and the respondents Eva A. Hortt, et al, shall within ten (10) days from the date of this Order advise the Court as to the necessity of giving further consideration to these three items, to the end that an appropriate Order may be entered finally determining all prayers contained in the Executor’s Petition of December 1st, 1958.
“(5) That the respondents, Eva A. Hortt, Eloise Judd, Kara Young, Eva Little, Emma Adams, Lenore Zabel, *909 Beth Murphy and James L. Hortt are forever estopped to complain of lack of Notice or insufficiency of Notice as regards the Executor’s Petition of December 1st, 1958.”
As to the above order, the • appellees’ briefs point out that no appeals were taken from the above final order and, therefore, are not subject to review in this appeal.
The court further states in its order at A-288:
“This Court does not ever again, in this case, propose to find itself cast adrift upon such a seething sea of arguments, (as it has in the past) with neither a compass, a rudder, nor anch- or to windward, being buffetted in all directions at once by the winds of volubleness and eloquence, and finally making an indecisive landfall, as time ran out.”
The court then discusses again the order of October 26th, 1960, and this April 25th, 1962, order as guides for the court and therefore sees no reason why counsel for the respective parties cannot arrange for the court to determine these issues in a one-two-three order rather than in the hodge-podge fashion of the March 7th, 1962, hearing.
The court concludes at A-292:
“Both Mr. Hiaasen, Counsel for the Executor, and Curtin R. Coleman, Counsel for Eva A. Hortt, et al, are well known to and admired by this Court. The Court considers both to be able attorneys and well qualified to follow the instructions of this Court as outlined above. However, the Court’s experience in this case raises, at least, some little doubt that these two gentlemen can sit down and agree upon the issues to be determined and the order in which they will be presented to the Court.
“If that situation does arise and Counsel finds that it is impossible to schedule the issues, for consideration, as directed herein, then Counsel should immediately notify this Court and the Court will proceed to sit down with Mr. Hiaasen and Mr. Coleman and work out what it believes to be the proper order in which to consider the various issues still undisposed of. However, the Court is hopeful that Counsel can work this out between themselves thereby saving this Court the time and trouble incident thereto.
“The Court realizes that this Order can and probably will be considered much too lengthy, as a matter of fact, the writer considers it so, but I haven’t the time to shorten it.
“It is, therefore, ORDERED AND ADJUDGED:
“1. That Counsel for the respective parties shall within a reasonable time: (1) proceed to determine all pending issues, by the ‘weeding out’ process recommended above, (2) then determine the order in which these issues will be presented to the Court for consideration, and (3) advise the Court so that hearings may be arranged.
“All in accordance with the remarks and instructions of the Court as set out in the eight paragraphs above under the caption ‘Court’s Recommendations’.
“2. That subject to the conditions and provisions relating thereto as set forth above, the Executor’s Motion to Strike all pleadings filed by the Utah Attorneys is denied.
“DONE AND ORDERED at Fort Lauderdale, Florida, this 25th day of April, 1962.
“s/ Boyd H. Anderson
County Judge.”
We have studied the records in this case and the briefs of the parties. We have reached the conclusion that the order appealed from is interlocutory in character *910 and, therefore, an appeal from such order is not permissible.
Where the court in this order touches on final determinations, they are ones made in the order, final in character, of October 26, 1960. The time for appealing said final order has elapsed and the validity of said order cannot be raised or determined on this appeal.
The appeal is, therefore, dismissed.
SHANNON, C. J., and ALLEN and WHITE, JJ., concur.